24-1666 Eastern Missouri, Robert Shoults, Jr. et al. v. Tracy Brown Mr. Shoults? May it please the Court, my name is Andrew MacDee and I represent the debtor appellates in this matter, Robert. I'm sorry, I'm reading it wrong. I represent Robert and Christina Shoults in this matter. I would like to reserve three minutes of my time for rebuttal. This case asks whether federal courts can create their own rules to limit exemptions under Missouri law. You're talking awful fast and awful soft. My apologies, Your Honor. You better raise that and if you want to have any impact here.  You've got a button there on the side, I think. We've gone as high as we can go. Okay, well, we need a bigger podium. Your Honor, this case asks whether federal courts can create their own rules to limit exemptions under Missouri law. Contrary to the eerie doctrine of the Supreme Court's recent decision in Rodriguez v. FDIC, the Bankruptcy Code and long-standing principles of federalism requires this court to defer to Missouri's interpretation of its own laws, ensuring that debtors receive the protections guaranteed by the state. I think it's important to acknowledge that this case is essentially identical to the Abdul Rahim decision. To the what? The Abdul Rahim decision, Your Honor. In that case, the Eighth Circuit held that an unliquidated personal injury claim was not exempt under Missouri law. I was counsel for the debtors in Abdul Rahim. I'm intimately familiar with the cases, the law, and the reasoning from that case. And it's the law that governs our panel. I believe it was overturned by the Supreme Court's decision in Rodriguez v. FDIC, Your Honor. Boy, is that a stretch. Your Honor, in Abdul Rahim, the court stated the application of the eerie doctrine in bankruptcy was limited, which allowed the court to reject Missouri's interpretation of its own exemption statutes. However, the Supreme Court's decision in Rodriguez makes it clear that the eerie doctrine applies in bankruptcy when interpreting state law. I'd also like to bring the court's attention to a recent decision from the Bankruptcy Court in the Eastern District of Missouri. In Ray Logan, the case does not have a citation yet. It just came down last month, but it's Bankruptcy Case Number 24. What court? The Eastern District of Missouri Bankruptcy Court. Hardly controlling. Hardly controlling, Your Honor, but I think instructive. If it isn't, you have to submit it by a 28-J letter. I will do that, Your Honor. I've just become aware. But in that case, I'm sorry, it's Case Number 24-42067. The court applied the eerie doctrine to uphold Missouri's interpretations of its own exemption laws. Logan highlights the court's growing recognition that federal courts must defer to state law in bankruptcy cases where no uniquely federal interest exists. Additionally, the Abdul Rahim Court suggested that there could be compelling reasons for why a trustee could recover more in a bankruptcy estate than they could under state law. However, Rodriguez directly contradicts this reasoning, stating that federal courts cannot create common law rules unless there is a uniquely federal interest. State law exemptions do not present such a federal interest. We're not talking about common lawmaking here. We're talking about interpreting 522D. Well, Your Honor, I think. Period. No, Your Honor, and I think maybe this is due to some of my own shortcomings in going through this case, trying to get people to understand what are we talking about. Are we talking about 522, or are we talking about 513-427? If we're talking about 522, the text is clear and unambiguous. There's no requirement that a state opting out of the federal. We're not talking about common lawmaking. If Abdul Rahim misinterprets 522D, fine. But there is an interpretation of 522D inherent in that decision. And that, therefore, it is not, strictly speaking, common lawmaking, like the Supreme Court was talking on a completely different basis in Rodriguez. Respectfully, Your Honor, my reading of it is that, especially Abdul Rahim and the Bend decision, is that the Eighth Circuit is creating a rule that statutes, specifically Missouri exemption statutes, must be created through legislative means only. When I read 522, I don't see that. Well, but the reasoning in Bend is what, to me, kind of drives the train. And it explains, quite graphically, I believe, why, as a matter of bankruptcy code proper administration, this rule is needed. And that is a federal interest that satisfies the Rodriguez inquiry. I don't know that it's uniquely federal, Your Honor. I don't expect you to agree, but your brief doesn't talk in those terms. So all this stuff about 5, 13, 14, you know, all the Missouri law stuff, including what the Missouri courts think Missouri law is, does not make Abdul Rahim less controlling for our court. Now, the in-bank court may see it differently. They may think that the Court of Appeals of Missouri is dead on. I agree with that position if Rodriguez does not overturn. And I think Rodriguez is similar because, although it's not about exemptions, they do both look at creatures of state law. Rodriguez talks about the allocation of tax refunds to LLCs and corporate entities and bankruptcy courts. These are creatures of state law, just as bankruptcy exemptions, at least in Missouri, are creatures of state law. So that's where I see the analogy between the two cases, which would require that there is a uniquely federal interest before a rule was made. I don't see how a state's exemptions can be uniquely federal. I think that the... Their impact in bankruptcy is what the federal interest. Well, Your Honor, I think maybe the history... The federal bankruptcy code doesn't have to grant exemptions. The federal bankruptcy code doesn't, and it didn't until 1978. I think historically, obviously Congress has the authority through the Constitution to enact laws in bankruptcy, but it didn't do so until 1898. At that point, up until that point, we had a mishmash of state insolvency laws. Once the first permanent bankruptcy act is passed, there are no exemptions. And there are no federal exemptions until 1978. In completing those or making those 1978 exemptions, negotiations occurred and states were allowed to opt out and create or maintain their own exemptions. Missouri is one of the 34 states that did so. Prior to the 78 Act, it was certainly solely a state issue. They don't maintain their own exemptions. Their exemptions are what applies under 522 as a matter of federal law. But to determine what a Missouri exemption is, you have to look at the Missouri statutes, the Missouri common law. Well, we've already done that and said no, we don't. We did that in... As a matter of the federal interest in bankruptcy, uniformity, and so forth. We need this to be statutory at both levels. Well, Your Honor, two points regarding uniformity. I mean, I don't want to argue it. That's what Ben talks about with graphic examples. But we're creating a system that's not uniform. We're creating a system whereby creditors can get to more assets in bankruptcy court than they can at a state court. And I think the problem with Ben... Well, that's for the state to decide whether they like that or not. I think our states have decided they don't. They what? I think our state has decided it doesn't. At least our courts have decided... I don't care what the state decides to do for Missouri bankruptcy or exemptions. All we're looking at is the proper interpretation of the bankruptcy code that Congress has put in place, including 522D. Well, 5... But viewed in the total contact, you know, the totality of the bankruptcy circumstances. Let me put it that way. Well, 522D is the laundry list of federal bankruptcy exemptions. But 522B is what allows Missouri to opt out and create its own exemptions. All right. Whatever the subset.  No, it's... We're talking 522D. 522. We're talking 522, Your Honor. And I think that if you look at the Ben decision, which is the beginning of all of this, it heavily relies on the bankruptcy appellate dissent of Judge Kessel, which does go into great length in detailing what an exemption is, but talks about it on a federal level, about 522. I completely agree that all statutes, all federal exemptions must be created by statute. But once a state opts out, I don't see anything limiting in 522B that Congress has told a state, you have to create your exemptions by statute only. And North Carolina is one such state whose opt-out provision provides specific reference to North Carolina common law as a valid source of exemptions. So I think that common law can serve as a valid source of exemptions if a state chooses to opt out of 522D's laundry list of exemptions. You know, opt-out is really a misleading term. Congress has said that you can have A or B and the state gets to choose, A or B under federal law, and the state gets to choose. It's not opting out of 522. It's opting out of 522D and the laundry list of federal exemptions. But yes, it is a choice and some states allow their own citizens to choose between federal exemptions and state exemptions. To me, it comes down to the act of requiring state exemptions to have a statutory basis is a federal common law rule. The interpretation of 427 is not federal common law. Well, you just said common law. I don't think it is. What makes it common law? The clear and unambiguous text in 522 doesn't require it. Yeah, but you say clear and unambiguous. Ben says not. I understand, Your Honor, and I think Rodriguez... Well, you know, Ben is controlling. I think Rodriguez abrogates that. I know you do. But I don't think Rodriguez had any focus on this. Not directly. It had a very broad, limited focus. Not directly on exemptions, Your Honor, but I think it reinforces the ideas of federalism in a bankruptcy. If I can reserve the rest of my time for rebuttal, Your Honor. I still don't see what makes it common law. If I could reserve it. I mean, if you've got a case that says this is a federal common law issue... I would point the court towards Rodriguez, which is... No, I'm talking about an exemption case. Does North Carolina say this is federal common law or somebody? I've seen... Fourth Circuit. I've seen nothing from the Supreme Court on this particular issue. Any circuit court, any district court? Nothing specifically to common law exemptions in this context, Your Honor. Or calling this a common law question as opposed to a federal common law question as opposed to a federal statutory question. I don't believe that I've seen anybody make the argument. First off, I haven't seen that argument go up to a circuit court that a state common law exemption was being challenged. A federal court saying, sorry, state, you may have your own exemption statutes, but we don't care. 522 says your statutes have to be made through legislative means only and then having that challenge. Well, I've had exemption cases for 30 years, and they're all over the map, but no argument ever like this. Thank you, Your Honor. If I may save the rest of my time. A new argument is not necessarily, there's nothing wrong with a new argument. Mr. Day. Hi. May it please the Court. My name is Jim Day, and I represent the Chapter 7 trustee appointed to the underlying bankruptcy case. As you correctly pointed out, the decisions entered by the bankruptcy court and district court properly followed binding Eighth Circuit precedent, I'm sorry, regarding the interpretation of federal statute, Section 522. I think a lot of this whole issue arises from the frustration of the debtor's bar that the Missouri legislature has not, doesn't appear that will be, enacting any kind of statute exempting personal injury claims. There are other cases, or other states rather, that have adopted such exemption statutes. Unfortunately, Missouri hasn't done that. And so, the debtor bar is pursuing it through appeals, trying to craft an argument that Ben and Abdul Rahim were wrongly decided. So anyway, we're here today just to bring this before your court. You all are more versed in procedure than probably anybody else in the room. I think that with the binding decisions, there's a, I guess there's a mechanism that would probably bring it before the bank. But here today, I think you should rule in favor of the trustee and affirm the lower court decisions. Thank you. Your Honors, briefly I will speak on the lack of action by the Missouri legislature in addressing this issue, as I've seen that referenced in the District Court and Bankruptcy Court's decisions. I would note that in 1987, the Bankruptcy Court put out a decision in Ray Mitchell in which it held that contingent, unliquidated personal injury claims were exempt in bankruptcy. That was good law until the Ben decision in 2008. At no time over the span of those 20 years did the Missouri legislature take any action in that circumstance either. So, I think there could potentially be a lot of reasons as to why our argument is not correct, but legislative inaction certainly isn't one of them. If there are no other questions. Very good. Thank you. Thank you. Case has been well briefed. Not a new issue, but needs addressing again and we will take it under advisement.